Argued September 10, affirmed November 19, 1969

CHURCH et ux, *Appellants, v.* PORTLAND
GENERAL ELECTRIC COMPANY,
*Respondent.*
461 P. 2d 64

*Ray G. Brown,* Portland, argued the cause and
filed briefs for appellants.

*David N. Hobson,* Portland, argued the cause for
respondent. With him on the brief were Phillips,
Coughlin, Buell & Phillips, Portland.

SLOAN, J. . . . .

On August 21, 1967, one of defendant's service men appeared at plaintiffs' home and informed plaintiff Joseph Church that he was there to cut off the electric service because of an unpaid bill. Church told the service man that he thought the bill had been paid but he could not, at the moment, produce the receipt showing payment. The service was disconnected. About 30 minutes later the Churches found a receipt they possessed showing payment. Instead of communicating this fact to defendant, plaintiffs called their lawyer. The power was not restored until eleven days thereafter when the receipt was finally brought to the attention of defendant. The next day, after the power cut off, this action was filed in which plaintiffs alleged that defendant had negligently and maliciously cut off their power. Defendant's answer denied negligence on its part and alleged that any damage plaintiffs suffered was caused by their contributory negligence in not producing the receipt when it was called for or "immediately thereafter." A jury trial resulted in a verdict for defendant. Plaintiffs appeal.

We make no judgment as to whether or not the concepts of negligence and contributory negligence provide the proper basis for governing the party's rights in a situation of this kind. But that was the theory of this contest and we decide the issues as presented.

On appeal, plaintiffs claim the court erred in failing to direct a verdict in their favor. Plaintiffs produced evidence to show that the bill had been paid at a drug store that for many years had functioned as a receiving agent for defendant for the payment of accounts due defendant. Plaintiffs produced evidence

showing payment; a receipt was in evidence. However, the records of this receiving agent and defendant's records failed to show the payment or any record of the issuance of a receipt. There was a denial by an employe of the drug store, whose initials appeared on the receipt, that the money for the bill had actually been received. Other than that denial there was no evidence which explained the failure of defendant's records to reveal the payment.

■ The evidence on payment was conflicting and it was for the jury to believe or disbelieve any or all of the witnesses. It was not an appropriate case for a directed verdict.

■ Plaintiffs also claim error because of the court's instruction on contributory negligence. Plaintiffs did not present to the court any legal reason to show why the doctrine of contributory negligence may not have been applicable to the case. See *Dippold et al v. Cathlamet Timber Co.*, 1924, 111 Or 199, 225 P 202. The exceptions taken were so confusing and uncertain that any fault in giving the instruction could not be attributed to the trial court. *Miller v. Lillard*, 1961, 228 Or 202, 208, 364 P2d 766.

Other claims of error do not require discussion. They are without merit.

Affirmed.